1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ANTHONY J. FOSTER,                        No.  2:21-CV-0121-DMC-P

12            Plaintiff,

13      v.                                     ORDER

14   COBELLO, et al.,

15            Defendants.

16

17           Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

18   U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint, ECF No. 1.

19           The Court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26   means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

27   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28   complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the Court to conduct the screening required by law when the allegations are vague

5  and conclusory.

6

7  ## I.  PLAINTIFF'S ALLEGATIONS

8  Plaintiff names the following as defendants: (1) Cobello, the Warden at Mule

9  Creek State Prison; and (2) Wong, a doctor at Mule Creek State Prison.  See ECF No. 1, pgs. 1, 2.

10  Plaintiff alleges:

11  On November 8, 2020 I was in a cell with an inmate who has had a
   previous positive for Covid-19.  I alerted a nurse that I felt I was showing
12  symptoms.  However I tested negative and gave them another negative test
   on November 18, 2020.  On 12-22-20 I was given another test before
13  being sent back to my housing unit.  A day after I got back to my housing
   unit I was being called to by the Officer to pack up my stuff and go to the
14  gym.  I was in the gym because I was told I had Covid-19.  On 1-15-21 I
   got my test results back from 12-22-20 and it came back negative.  I have
15  sent grievances and requested forms and have sent a letter to Warden
   Cobello and Dr. Sam Wong and never heard anything back.  From my
16  understanding, Dr. Sam Wong is the lead doctor overseeing the Covid-19
   crisis and he reports only to Warden Cobello.
17
   Id. at 3.
18

19  Plaintiff contends that, because he was placed in the gym on suspicion of being positive for

20  Covid-19, he was put in a fatal position.  See id.

21

22  ## II.  DISCUSSION

23  The gravamen of Plaintiff's complaint is that, by being placed in the gym with

24  other inmates who may have had Covid-19, he was exposed to an unnecessary risk to his safety.

25  Plaintiff does not allege that he ever contracted Covid-19 as a result of being placed in the gym

26  while his test results were being analyzed.  Nor does Plaintiff state who ordered him placed in the

27  gym.  Plaintiff appears to claim that Defendants Cobello and Wong are responsible as supervisory

28  personnel.

2

1          Supervisory personnel are generally not liable under § 1983 for the actions of their

2    employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

3    respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

4    violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

5    Supreme Court has rejected the notion that a supervisory defendant can be liable based on

6    knowledge and acquiescence in a subordinate's unconstitutional conduct because government

7    officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

8    and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory

9    personnel who implement a policy so deficient that the policy itself is a repudiation of

10   constitutional rights and the moving force behind a constitutional violation may, however, be

11   liable even where such personnel do not overtly participate in the offensive act.  See Redman v.

12   Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

13          When a defendant holds a supervisory position, the causal link between such

14   defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

15   Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

16   1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in

17   civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

18   Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

19   official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

20          Here, Plaintiff's claims against Defendant Cobello and Wong – both of whom are

21   supervisory personnel – are deficient because Plaintiff has not alleged that either defendant

22   implemented a policy which it itself a violation of Plaintiff's constitutional rights.  Plaintiff will

23   be provided an opportunity to amend.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

3

1

### III.  CONCLUSION

2      Because it is possible that the deficiencies identified in this order may be cured by

3  amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

4  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

5  informed that, as a general rule, an amended complaint supersedes the original complaint.  See

6  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

7  amend, all claims alleged in the original complaint which are not alleged in the amended

8  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

9  Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

10  Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

11  complete in itself without reference to any prior pleading.  See id.

12      If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

13  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

14  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

15  each named defendant is involved, and must set forth some affirmative link or connection

16  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

17  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

18      Finally, Plaintiff is warned that failure to file an amended complaint within the

19  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

20  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

21  with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

22  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

4

1    Accordingly, IT IS HEREBY ORDERED that:

2        1.    Plaintiff's complaint is dismissed with leave to amend; and

3        2.    Plaintiff shall file a first amended complaint within 30 days of the date of

4    service of this order.

5

6    Dated:  September 9, 2021

7                                        _____
                                         DENNIS M. COTA
8                                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5